1  Micheal Leon Williams #63077
2  Northern Nevada Correctional Center
3  Post Office Box 7000
4  Carson City, Nevada 89702
5
6              United States District Court
7                  District of Nevada
8  Micheal Leon Williams,
9         Plaintiff                    CASE NO.
10 vs.
11 Hartman, Associate Warden,        Civil Rights Complaint
12 Fonoimoana, Kristy, Lieutenant,    By an NEVADA STATE PRISONER
13 Santos, Danilo, investigator,     PURSUANT TO 28 U.S.C. §1343(a)(3); 42 U.S.C. §1983
14 Suwe, Robert, investigator,       Original complaint,
15 Hicks, Donald, investigator,      Jury trial Demanded
16     defendants).
17
18
19                  JURISDICTION
20  This Court has jurisdiction over this action pursuant to:
21  28 U.S.C § 1343(a)(3); 42 U.S.C § 1983
22  Plaintiff Micheal Leon Williams is and was at all times
23 mentioned herein a prisoner of the state of Nevada in the
24 custody of the state of Nevada Dept. of Corrections. Plaintiff is
25 currently confined in Northern Nevada Correctional Center, in
26 Carson City, Nevada. Northern Nevada Correctional center is where
27 the violations took place that are contained within this complaint.
28 THIS COMPLAINT IS SUPPORTED BY ATTACHED EXHIBITS E-FILE PAGES 13 thru 54.

Page 1 of 12

E-FILE PG. 1

## Defendants

Defendant; Hartman is the Associate Warden of Northern Nevada Corr. Center. He is legally responsible for the operation of Northern Nevada Corr. Center, and for the welfare of all the inmates in this prison.

Defendant; Kristy Fonoimoana is correctional officer of the Nevada Dept. of Corrections who at all times mentioned in this complaint, held the rank of Lieutenant and was assigned to Northern Nevada Corr. Center.

Defendant; Danilo Santos is a correctional officer of the Nevada dept. of corrections who at all times mentioned in this complaint, held the rank of Investigator and was assigned to Northern Nevada Corr. Center.

Defendant; Robert Suwe is a correctional officer of the Nevada Dept. of Corrections who at all times mentioned in this complaint, held the rank of INVESTIGATOR and was assigned to Northern Nevada Corr. Center

Defendant Donald Hicks is a correctional officer of the Nevada dept. of corrections who at all times mentioned in this complaint, held the rank of INVESTIGATOR and was assigned to Northern Nevada Corr. Center.

Each defendant is sued individually and in his or her official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## NATURE OF CASE

There is a deliberate and intentional disregard for plaintiffs 14th admendment rights; regarding due process involing disciplinary proceedings. Plaintiff will show the courts through documented legal material, that the violations of plaintiff constitutional rights have caused unwarranted deprivation; loss of liberty; pattern of abuse; denied legal rights; loss of privileges; loss communication w/ family; denial of evidence against plaintiff; unjustified confiscation of property; plaintiff to be a victim of dishonesty by correctional officers; and racially motivated strategies of persuassion."

Between 7/2023 and 10/2023 correction officers at Northern Nevada correctional center, worked in concert to deprive plaintiff of his due process rights regarding disciplinary procedures. NDOC policy stated within AR 707 and AR 740 were not followed. AR 707 being "Offender Disciplinary Process", and AR 740 being "Inmate grievance procedure." Plaintiff was denied "Evidence prior to disciplinary Hearing", and found guilty at said hearing. Upon Appeal of the guilty finding, Warden Hartman falsely claimed reasons to reject appeal. Plaintiff was the subject of a botched drug test that appears to be a staged set up. Having items tested by an in house kit, instead of a third party lab; by an non-expert. The LT overseeing the disciplinary hearing allowed all of these actions to take place. When it was the LT's duty to prevent the

1 illegal action from continuing. Plaintiff has been a
2 victim of false reporting/time delayed reporting. Any
3 offense by an offender that is worthy of charges, per
4 AR 707 section 3 (A)(1) must be charged and report
5 complete by end of shift. In plaintiff's case, officers were
6 allowed to complete a notice of charges 3 days late; in
7 total violation of the Dept. owns policy.
8
9 Plaintiff was written up for a physical altercation w/out
10 the other party being wrote up. Plaintiff as a result,
11 was placed in seg. without proper due process. Plaintiff
12 has no choice but to feel the sting of targeted abuse
13 by correctional officers.
14
15 Throughout all of these unfortunate events, attempts to
16 access the Law Library; at times were hindered by staff
17 and officers. A hinderance that should never infringe on
18 an inmates right to access the courts, nor access to
19 legal assistance.
20
21 Plaintiff will also show through documented proof, that
22 as a result of plaintiffs 14th admendment procedural due
23 process; regarding disciplinary hearings; plaintiff has
24 lost a costly amount of personal property. Personal
25 property for which plaintiff has receipts, and some items
26 that are priceless, and unreplaceable. Had plaintiff never been
27 deprived of his constitutional rights by illegal disciplinary
28 proceedings; personal property of plaintiff would not have been subject

1. illegal confiscation, and unwarranted loss.
2.
3. Plaintiff as an African American male, feels due to
4. the lack of education and ability to articulate legal
5. jargon within the African American community; Admin.,
6. staff, officers and such, believe they can do and get away
7. with any deceptive measures they wish.
8. "
9. "
10. "
11. "
12. "
13. "
14. "
15. "
16. "
17. "
18. "
19. "
20. "
21. "
22. "
23. "
24. "
25. "
26. "
27. "
28. "

Statement OF FACTS

The following defendants violated my 14th admendment Rights to due process regarding disciplinary procedure by, and as follows:

Defendant Donald Hicks, the institutional investigator on August 9th, 2023 while rehousing plaintiff into ad-seg claims to have found drug paraphanelia in plaintiffs possession. Defendant Hicks stated in a legal document (unsigned by any supervisor, see exhibit A) that he performed a subsequent test on suspected spice (synthetic cannabinoid) and it indicated a presumptive test for morphine/heroin. Defendant Hicks is not an expert in toxicology, nor did Defendant Hicks go through the proper protocol and have the suspected items sent to a lab/third party test. Defendant Hicks has no third party verification as to the authenticity of the test. And as shown on pg. 5 of Exhibit A, theres no supervisor's signature to verify the reliability of defendants Hicks finding. Where NDOC policy is to require a supervisor's signature before a notice of charges can proceed. This incident resulted in plaintiff receiving a charge of MJ 54 use of intoxicants; (the court should note plaintiff was not physically drug tested by means of urine, nor blood.) when plaintiff inquired about the evidence against him so plaintiff could prepare his defense; plaintiff was denied evidence (in direct violation of NDOC policy) and ruling in (Melnik v. Dzurenda by chief Judge Miranda du). Instead of evidence being given to plaintiff; plaintiff was told to look at picture (see exhibit A pages 9 and 10) .... More details under defendant L.T Fonoimoana

E-FILE
6

Defendant Hicks illegal actions eventually lead to a sham hearing, that resulted with plaintiff being found guilty of a charge MJ 54, use of intoxicants.

Defendant Santos, institutional investigator at Northern Nevada Corr. Center, on August 9th, 2023 charged plaintiff with an MJ2 - Assault. This charged stemmed from an incident on August 6th, 2023, that was witnessed by another officer. The witnessing officer, which was never identified throughout the disciplinary proceeding, is the officer that had the duty of writting plaintiff up for a notice of charges. Defendant Santos being an investigator and an officer with tenure, is fully aware of NDOC policy spelled out in AR 707 section #3 A. which states "Upon reasonable belief on an NDOC employee that a disciplinary offense has been committed; employee should promptly, and prior to end of shift, complete the Notice of charges - DOC-3017 using the Nevada Offender Tracking Information System." - (NOTIS) Defendant Santos competent enough to hold rank as investigator, would be competent enough to know full well that his actions and decision to charge me 3 days late, is a direct violation of NDOC policy; and a violation of my constitutional right to due process regarding disciplinary proceedings. Defendant Santos disrespectful and malicious actions caused plaintiff to suffer the lost of property, loss of good time/work time credits, loss communication with family, loss of Rec. time, loss of general privileges afforded to inmate that is housed in the general population. All of these losses occurred upon being rehoused in Ad-seg due to illegal and unconstitutional actions of Defendant.                    SEE Exhibit B.

## STATEMENT OF THE FACTS

Defendant Suwe, institutional investigator at Northern Nevada Core Center improperly charged plaintiff with an MJ 53 Poss./Sales of intoxicants. A charge that plaintiff plead not guilty to, was ultimately found guilty at a disciplinary hearing, and plaintiff appealed. Defendant charged plaintiff with possession of materials suitable for the manufacture of alcohol. Out of several items defendant deemed contraband, defendant alleges a packet of yeast was the deciding factor for the charges. A packet of yeast alone can not constitute the production of alcohol, and the other alleged contraband items were not compatible with alcohol in any way. Further more, NDOC policy is to serve plaintiff with a unauthorized form notating any property confiscated from plaintiff, "that was not done." Defendant Suwe committed this procedural due process violation on July 19th 2023, when defendant brought plaintiff to Ad-seg; with no formal charges. Plaintiff had no charges against him, until plaintiff property was inventoried as a result of being admitted to Ad-seg. SEE EXHIBIT C pg#5. The court should take note of the intentional violations of plaintiff 14th Admen. rights to due process, as an on going practices within the NDOC. To the point of plaintiff "being a targeted inmate"! These violations are deliberate and intentional, and are allowed to run wild at the overseeing of those in Admin., within the position of power to stop the actions.

Defendant L.T. Kristy Fonoimoana, being the L.T. that oversaw and lead disciplinary hearings against plaintiff; did, on three (3) separate hearings, violate plaintiff's limited procedural due process rights, in refusing to turn over copies of evidence prior to disciplinary hearings. Not only is this a direct violation of plaintiff's 14th admedment; it's in direct violation of NDOC's own policy. ref: AR 707 section 7. evidence (9)(b) "In addition to the Notice of charges - DOC 3017, the inmate shall receive copies of any evidentiary documents, which the Disciplinary Hearing Officer/Full Disciplinary Hearing Committee considers." The courts have already ruled in Melnik v. Dzurenda; and Jones, 2008 U.S. Dist. Lexis 119025, 2008 WL 8209061; That refusal to turn over evidence to plaintiff prior to hearing, did in fact violate plaintiff's rights, and stripped defendants from qualified immunity. The courts will notice that L.T. Fonoimoana was in fact the disciplinary L.T. involved in all 3 of plaintiff's disciplinary hearings; that plaintiff claims to have been a object of targeted deprivation, in which his due process rights were blatantly and outright violated. In Exhibit A pg.#7 Summary of Disciplinary Hearings for plaintiff Williams, Micheal Leon OIC#: 5236270 IR#: IR-2023-NNCC-002710 section marked B, courts will notice a text of the hearing recording. In that text plaintiff is once again asking for evidence; and the L.T. Fonoimoana replies with an answer that refers to a picture (Exhibit A pg#10). This strengthens plaintiff's complaint of due process violation, by the acknowledgement of L.T. Fonoimoana admitting on recording that plaintiff must look at picture; indicating that plaintiff did not have any evidence in his person. L.T. Fonoimoana did commit due process violation, within all hearings aforementioned. See Ex.B pg#7 - Exc. pg#7

1. Defendant HARTMAN, ASSOCIATE WARDEN AT NORTHERN NEVADA
2. CORRECTIONAL CENTER, DID VIOLATE MY/plaintiff Rights to due
3. process, under the 14th Admenment; by REFUSING to CORRECT
4. the wrongs that were allowed to take places during plaintiff's
5. disciplinary hearings. Upon the finding of guilt, plaintiff filed a
6. timely appeal, highligting obvious violations; both institutional
7. and constitutional. Believing that the appeal process was the
8. proper method of Resolve, plaintiff waited for WARDEN Hartman
9. to overturn the finding of guilt. But instead of doing the honest
10. duty that defendant has an obligation to do, defendant continued
11. in concert with his officer, to violate plaintiffs Right. And
12. Defendant went a step further, defendant used dis-honesty to
13. falsify legal documents. (In direct violation of NDOC Penalties and
14. Prohibitions, Section H. DISHONESTY #3. Knowingly falsifying any
15. state record or report). SEE EX. D The falsifing of legal documents are
16. evident on the first page of exhibit A, B, and C. The box marked; missing
17. documents; with documents listed as missing; are in fact, and clear to the
18. eye," present within the Appeals." Yet WARDEN Hartman illegally, willingly,
19. and knowingly lied and used this deceptive tatic to deny plaintiffs
20. timely appeal of illegal disciplinary hearings. WARDEN Hartman,
21. due to his competent intentions should not be shielded with the honor
22. of qualified immunity.
23. "
24.    Defendants has caused plaintiff undue harassment, loss, emotional
25. pain, and targeted abuse by violating his procedural and constitutional
26. Right of due process. This wrong can only be made right through the
27. Honorable courts administering their judgement in favor of the plaintiff
28. for Relief in every manner prayed for and that the courts deemed fit.

E-FILE PG 10

### Exhaushtion of Legal Remedies

Plaintiff Micheal Leon Williams used the prisoner grievance procedure available at Northern Nevada Correctional Center to try and solve the problems and issues contained within this complaint. Exhibits will reflect on the proper attempts made by plaintiff to remedy the issues and problems at hand within this complaint. Between 10/2021 and 9/2023 plaintiff filed timely and correct grievances, only to be met with sophistry. The indecorous response by Warden Hartman, highligts the illegal and unconstitutional practices at the highest level of administration at Northern Nevada Dept. of Corrections. As the courts will take notice to the cover page of DOC-3098 at the beginning of Exhibits A,B,C; Warden Hartman Rejected plaintiffs grievances for false and untrue reasons. "STATING MISSING documents", the court will take notice to all "MISSING documents," ARE IN FACT properly ATTACHED to grievances. Instead of correcting, or righting wrongs, Warden Hartman continued in concert with his officers to violate my procedural due process under the united states constitution. Thus leaving plaintiff with only one option; which was to bring suit against defendants.

"
"
"
"

Prayer For Relief

Wherefore, plaintiff respectfully prays that this court enter judgement granting plaintiff:

Compensatory damages in the amount of $20,000 against each defendant in their official and indiviual capacity.

Punitive damages in the amount of $50,000 against each defendant in their indiviual and official capacity.

Plaintiff's costs in this suit, and any additional relief this court deems just, proper, and equitable.

Dated: 12 / 21 / 2023

Respectfully submitted,

Micheal Leon Williams

*Michael L. Williams*

Verification

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

*Michael L. Williams*

signature of Plaintiff

12 / 21 / 2083

DATED

⟨CERTIFICATE OF SERVICE⟩

I MICHAEL LEON WILLIAMS, Plaintiff, certify that on 12/21/23 I handed for E-FILING, A copy of attached CIVIL RIGHTS COMPLAINT BY A STATE ACCOMPANIED BY THIS "APPLICATION TO PROCEED IN FORMA PAUPERIS FOR INMATE WITH ATTACHED FINACIAL CERTIFICATE," WITH ATTACHED CIVIL RIGHTS COMPLAINT BY AN NEVADA STATE PRISONER PURSUANT TO 28 U.S.C. §1343(2)(3); 42 U.S.C. §1983 ORIGINAL COMPLAINT JURY TRIAL DEMAND. FOR E-FILING

DATED this 21st, day of December, 2023

Michael L. Williams
MICHAEL L. WILLIAMS